UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DARRY BETHEA,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN
TIERNAN, tax # 933411, SERGEANT NICHOLAS
VANDYKE, tax # 927819, POLICE OFFICER MARTIN
HABER, tax # 934741, POLICE OFFICER PETER
RUBIN, POLICE OFFICER ANGEL FIGUEROA, tax #
937818,

                                    Defendants.

**FIRST AMENDED COMPLAINT**

CV 09 612 (FB) (SMG)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and several New York City Police Officers. Plaintiff alleges that, on April 9, 2008, several NYPD officers arrested him without cause, used excessive force on him, illegally strip searched him, and presented false evidence against him in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Brian Tiernan, Sergeant Nicholas Vandyke, Police Officer Martin Haber, Police Officer Peter Rubin, and Police Officer Angel Figueroa are members of the NYPD who were involved in the arrest of plaintiff and the events arising out of plaintiff's arrest. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

7. On April 9, 2008, at approximately 5:00 p.m., plaintiff was walking from his Brooklyn residence to a grocery store located on the corner of Evergreen Street and Gates Avenue in Brooklyn to purchase baby formula for his nephew.

8. While plaintiff was walking, one of the defendants suddenly grabbed plaintiff from behind in a rough manner, pushed plaintiff toward and against a metal gate, and twisted plaintiff's arms in an attempt to handcuff him.

9. When defendant attacked plaintiff, he failed to identify himself as a police officer.

10. At no time did plaintiff punch, kick or threaten the officer.

11. The officer attacking plaintiff called on other plainclothes officers to assist him.

12. Police Officer Brian Tiernan, Sergeant Nicholas Vandyke, Police Officer Martin Haber, Police Officer Peter Rubin, and Police Officer Angel Figueroa responded to the scene.

13. Some of the aforesaid officers violently took plaintiff to the ground. Those officers who did not make physical contact with plaintiff at this point failed to intervene to protect plaintiff from this use of excessive force.

14. While plaintiff was on the ground, one of the defendants pressed his knee into plaintiff's neck which interfered with plaintiff's ability to breathe. Those officers who did not make physical contact with plaintiff at this point failed to intervene to protect plaintiff from this use of excessive force.

15. While plaintiff was on the ground, one of the defendants kicked plaintiff in the face causing plaintiff pain and injury. Those officers who did not make physical contact with plaintiff at this point failed to intervene to protect plaintiff from this use of excessive force.

16. On or about this time, plaintiff's mother arrived on the scene.

17. One of the defendants pushed plaintiff's mother and told her that she would be arrested if she did not leave the scene.

18. Plaintiff was subsequently placed in a police car and officers took him to the 83rd Precinct.

19. At the precinct, one of the defendants, along with a uniformed officer, brought plaintiff to a cell.

20. One of the defendants slammed plaintiff's head into a cell door causing plaintiff to collapse and suffer pain and injury.

21. The uniformed officer kicked plaintiff in the chest and the defendant kicked plaintiff into the cell causing plaintiff pain and injury.

22. While plaintiff was incarcerated in the precinct, one of the defendants took pictures of plaintiff's facial injuries.

23. While plaintiff was held in the precinct, one of the defendants illegally strip searched plaintiff and ordered the nude plaintiff to squat.

24. No illegal contraband was found on plaintiff.

25. While plaintiff was incarcerated in the precinct, Officer Kiernan, in furtherance of a conspiracy with the other defendants, prepared police reports which falsely stated that plaintiff had engaged in disorderly conduct, obstructed governmental administration and resisted arrest.

26. While plaintiff was incarcerated in the precinct, he requested medical treatment.

27. An ambulance came to the precinct and paramedics treated plaintiff's wounds.

28. On April 10, 2008, at approximately 2:30 a.m., Officer Kiernan issued plaintiff a desk appearance ticket directing him to report to Criminal Court, Kings County, on May 13, 2008, to answer the charges.

29. A few hours after being released, plaintiff went to Wyckoff Heights Medical Center for medical treatment.

30. Some time between April 10, 2008 and May 13, 2008, Officer Kiernan, in furtherance of a conspiracy with the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff had engaged in disorderly conduct, obstructed governmental administration and resisted arrest on April 9, 2008.

31. Plaintiff went to court on May 13, 2008 and was told by a court officer that his case was not on the calendar and to not worry about the case unless the court notified him to appear in the future.

32. As of this date, plaintiff has never received a letter informing him to come to court.

33. Upon information and belief, the District Attorney's Office declined to prosecute plaintiff.

34. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, permanent physical injuries including pain, headaches and scarring, emotional distress, mental anguish, fear, anxiety, humiliation, embarrassment. Further, plaintiff incurred approximately $900 in medical expenses.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

35. Plaintiff repeats the foregoing allegations.

36. The conduct of Police Officer Brian Tiernan, Sergeant Nicholas Vandyke, Police Officer Martin Haber, Police Officer Peter Rubin, and Police Officer Angel Figueroa , as described herein, amounted to false arrest, excessive force, an illegal strip search, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

## PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

37. Plaintiff repeats the foregoing allegations.

38. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

39. Upon information and belief, the City of New York, at all relevant times, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that the defendants have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct. In fact, defendant Sergeant Vandyke, defendants' supervisor on the scene, was a defendant in <u>Walker, et al. v. City of New York, et al.</u>, 07 CV 00846 (E.D.N.Y.) (RER), which the City of New York settled.

40. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

41. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

42. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

      d.      Such other and further relief as this Court may deem just and proper.

DATED:    June 25, 2009
                Brooklyn, New York

/s/
_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391