UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

Darry Bethea

                                  Plaintiff,      **STIPULATION AND
ORDER OF
-against-                                   SETTLEMENT AND
DISCONTINUANCE**

City of New York et al.,

                                                             09CV00612 (FB) (SMG)

                                  Defendants

------------------------------------------------------------------- x

Claridsa Reyes

                                Plaintiff,

            -against-

City of New York et al.,

                                Defendants
------------------------------------------------------------------- x

        **WHEREAS**, plaintiff Darry Bethea commenced this action by filing a complaint on or about February 13, 2009 alleging that defendants violated his federal civil and state common law rights; and

        **WHEREAS**, the case of Claridsa Reyes v. City of New York, et al., 09-CV-712(BMC)(JO) was consolidated with this case by Order of Senior Judge Frederic Block dated June 15, 2009, and

        **WHEREAS**, defendants have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** plaintiff Darry Bethea and defendants now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Darry Bethea the total sum of FORTY TWO THOUSAND and FIVE HUNDRED DOLLARS ($42,500.00) in full satisfaction of all claims against defendants, including claims for costs, expenses and attorney fees.

3. In consideration for the payment of the foregoing sums, Darry Bethea agrees to the dismissal of all the claims against the defendants The City of New York, Brian Tiernan, Angel Figueroa, Martin Haber, Nicholas Vandyke, Peter Rubin and any present or former employees or agents of the City of New York, the New York City Police Department and the City of New York, and their successors or assigns, from any and all liability, and any and all claims which were or could have been alleged in the complaint in this action, including claims for costs, expenses and attorney fees.

4. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph "2" above and an Affidavit of Status of Liens.

5. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any

other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
November 12, 2009

_____
Richard J. Cardinale, Esq.
The Law Firm of Richard J. Cardinale
26 Court Street
Suite 1815
Brooklyn, NY 11242
718-624-9391
Fax: 718-624-4748
Email: rcardinaleesq@gmail.com

_____
Steve Stavridis, Esq.
Assistant Corporation Counsel to:
MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for defendants The City of New York, Brian Tiernan, Angel Figueroa, Martin Haber, Nicholas Vandyke and Peter Rubin
100 Church Street, Room 3-159
New York, New York 10007
sstavrid@law.nyc.gov
(212) 788-8698

.

SO ORDERED:

_____
U.S.D.J.

## GENERAL RELEASE

D/O/B 7/12/87
SS 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

**KNOW THAT I,** DARRY BETHEA, a plaintiff in the action entitled <u>Darry Bethea et ano. v. City of New York et al.</u>, 09-cv-00612-FB-SMG, in consideration of the payment of FORTY TWO THOUSAND and FIVE HUNDRED DOLLARS ($42,500.00) to me by the City of New York, and pursuant to the Stipulation and Order of Settlement and Dismissal dated November 12, 2009, do hereby release and discharge defendants The City of New York, Brian Tiernan, Angel Figueroa, Martin Haber, Nicholas Vandyke, Peter Rubin and all past and present officials, employees, representatives and agents of the New York City Police Department and the City of New York, from any and all claims which were or could have been alleged by me in the aforementioned action arising out of the events alleged in the complaint in said action, including all claims for attorney's fees and costs.

This Release may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

**IN WITNESS WHEREOF,** I have executed this Release this _16_ day of _Nov_, 2009.

_____
DARRY BETHEA

STATE OF NY      )
                 : SS.:
COUNTY OF Kings  )

On _11/16_, 2009 before me personally came DARRY BETHEA to me known, and known to me to be the individual described in, and who executed the foregoing RELEASE, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

RICHARD J. CARDINALE
NOTARY PUBLIC, State of New York
No. 02CA6046513
Qualified in Kings County
Commission Expires Aug. 14, 20_10_

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
Darry Bethea

                                  Plaintiff,      **AFFIDAVIT OF STATUS OF LIENS**

                -against-

City of New York et al.,                          09CV00612 (FB) (SMG)

                                Defendants
-------------------------------------------------------------------x
Claridsa Reyes

                                Plaintiff,

                -against-

City of New York et al.,

                                Defendants
-------------------------------------------------------------------x

STATE OF NY     )
                        : SS.:
COUNTY OF Kings )

       DARRY BETHEA, being duly sworn, deposes and says:

       I am a plaintiff in the above-entitled action and I reside at <u>165 Palmetto St #13, Brooklyn, NY</u> I am making this affidavit with full knowledge that the same will be relied upon by the City of New York, its agents, employees, and representatives in connection with settlement of this claim/action against them.

*Please check all that apply below and detail where applicable:*

       ☑  I am not indebted to any department or agency of the City of New York and there are no liens outstanding.

☐ I have unpaid liens, violations or other debts owed to a department and/or agency of the City of New York. I expressly consent to the payment of those sums, or to the sums agreed upon by counsel, directly from the settlement proceeds.

*List all liens, violations and/or other debts by providing the name of each City agency (e.g. Department of Finance; Department of Sanitation; Environmental Control Board) and the outstanding sums due.*

_____

_____

☑ I have not received Medicaid or Public Assistance benefits.

☐ I have received Medicaid and/or Public Assistance benefits. The Human Resources Administration, Department of Social Services of the City of New York ("HRA") has issued a Final Notice of Lien which provides a total amount due of $_____ *(attach copy)*. I understand that HRA will be paid that amount, or the amount agreed upon by counsel, directly from the settlement proceeds, and that the payment of an amount lesser than the final notice amount is a non-assertion of HRA's lien against the proceeds of this settlement and shall not be deemed a waiver of the full amount owed.

As of the date of this affidavit, I have not received Medicare coverage/ benefits. [*Note: This query is made pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. 1395(B)(8)*].

☐ I am a Medicare beneficiary. I am aware of my obligation to reimburse Medicare for payments and/or benefits that I receive directly or indirectly and that reimbursement may be made from proceeds I receive from any judgment or settlement of a personal injury action. Medicare has confirmed that it will accept the total amount of $_____.00 as full and final reimbursement of all Medicare payments made to date. [Attach copy of Medicare reimbursement letter]. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the settlement proceeds.

☑ I am not in arrears in child support payments.

☐ I am in arrears in child support payments and expressly agree to the collection by the NYC Office of Child Support of all unpaid sums directly from the settlement proceeds.

☑ I am not indebted nor am I subject to liens by any City public hospital.

☐ I am indebted to _____ [City hospital] in the total lien amount of $_____. I expressly consent to the payment of that sum directly from the settlement proceeds.

7

☑ I have not received Workers' Compensation or Disability Benefits and there are no liens for the same in this matter.

☐ I am indebted to _____ [for Workers' Compensation or Disability Benefits] in the total lien amount of $_____. I expressly consent to the payment of that sum directly from the settlement proceeds.

_____
DARRY BETHEA

Sworn to before me this
16 day of Nov, 2009

_____
NOTARY PUBLIC

RICHARD J. CARDINALE
NOTARY PUBLIC, State of New York
No. 02CA6046513
Qualified in Kings County
Commission Expires Aug. 14, 2010

8

<u>**Privileged and Confidential**</u>

<u>**NOT ESI**</u>

**SPECIAL FEDERAL LITIGATION DIVISION**
**CASE SETTLEMENT ABSTRACT**

Approved By: _____
Muriel Goode-Trufant, Chief, Special Federal Litigation Division

TO:   Bernard Londin, Esq.
      Office of the Comptroller

FROM: Steve Stavridis
      Assistant Corporation Counsel

DATE: JULY 28, 2009

NAME OF THE CASE:             *Darry Bethea & Claridsa Reyes v. City, et al.*, 09-CV-612(FB)(SMG)

NYCLIS #:                     2009005825(Bethea) & 2009006724(Reyes)

COMPTROLLER'S CASE NUMBER:    NA

ACC ASSIGNED:                 Steve Stavridis

TELEPHONE NUMBER:             (212) 788-8698

PLAINTIFF'S ATTORNEY:         Richard Cardinale, Esq.

CO-DEFENDANT'S ATTORNEY:      N/A

COURT, JUDGE AND MAGISTRATE:  EDNY, MJ Gold

PRESENT STATUS:               Pre-depositions

<u>**PLAINTIFF'S VERSION**</u>

<u>**Claim of Plaintiff Darry Bethea**</u>

Plaintiff Bethea (age 21) resides with his mother in the Hope Gardens Apartments, a NYC public housing project located at 105 Palmetto Street, Brooklyn, New York. On April 9, 2008 at about 5:30 pm, Bethea was in his apartment with two of his friends when his mother asked him to go to the store to buy milk. Bethea and his two friends then left the apartment to go to the store. While walking through the court yard of his building on the way to the store, Bethea

-1-

and his friends were suddenly attacked for no reason by three plainclothes officers. Bethea was roughly pushed against an iron gate by one of the officers, who then tried to force him down on the ground. Bethea at first did not know they were police officers so he resisted the officer's efforts to get him to the ground, though he did not strike the officer in doing so. Bethea was eventually thrown to the ground after one of the other two officers came over to help. Once on the ground, plaintiff was handcuffed and then repeatedly struck on the face by the first officer in retaliation for not cooperating earlier. By this time, there had gathered a large crowd of at least 20 people from the housing project including Bethea's mother, who demanded that the officers stop abusing him. Seeing that police were threatening his mother with arrest, Bethea told the officers that he would go on his own if they would leave his mother alone. Bethea was then dragged about 100 feet to an awaiting police vehicle where he was slammed face-first against the car. Bethea was then transported to the 83rd precinct where he was again assaulted by officers and refused medical treatment for his injuries. He was issued a DAT for OGA, Disorderly Conduct and Resisting Arrest and then released after spending five hours in the precinct cell. Bethea is suing for false arrest, excessive force and malicious prosecution. He has documented his injuries through pictures. There are also photos of the incident at the court yard taken by a by stander from a cell phone camera, which show plaintiff on the ground with officers on top of him.

### Claim of Plaintiff Claridsa Reyes

Plaintiff Claridsa Reyes (age 55) also resides at the Hope Gardens Apartments but she has no relation to plaintiff Bethea other than being on the scene when the incident occurred. She relates that she was at the courtyard with her three young grandchildren when she observed the incident with Bethea and the three officers unfolding. Upon seeing the officers getting physical with Bethea, she tried to reign in her grandchildren so she could bring them inside out of harms way but the children were drawn to the incident and refused to leave. Other officers soon arrived and ordered the gathering crowd to disperse. Reyes was unable to leave the area because of the children. She explained this to one of the officers but he responded by violently pushing her causing her to fall backwards. The same officer then kicked her on the side as she was lying on the ground. Reyes was assisted to her feet by other bystanders, who informed her that officers beat up her son (Paricio Diaz – not a plaintiff) when he tried to prevent the attack upon her. Reyes then went to the 83 precinct to see her son. While there, she was attended to by EMTs from an ambulance outside the precinct. She was advised to go to the hospital but refused because she had not yet seen her son. Reyes did go to the hospital the next day. She was treated for bruises and scratches and diagnosed with a fractured left rib, which she was told would heal on its own.

## DEFENDANTS' VERSION

The five defendant officers, all members of an 83rd precinct anti-crime unit, were on routine patrol on the date in question and separated into two teams, one with two officers the second with three officers including Sgt. Van Dyke, who was the unit's supervisor. At around 5:15 pm. the two-man team observed three suspicious males entering the lobby of one of the Hope Gardens apartment buildings, which are NYCHA buildings within the jurisdiction of the

83rd Precinct. The sergeant was notified and he directed the two member team to investigate.[1] The sergeant and his team then proceeded to this location and, as they approached the building by foot, they were signaled by the two-man team to stop the three young males heading towards their direction. The sergeant and his team then approached these males identifying themselves as police officers and asking for identification. Two of the males stopped and cooperated but the third (plaintiff Bethea), pushed the officer (PO Tiernan) away and continued walking. Officer Tiernan then put his arm in front of Bethea ordering him to stop but Bethea batted his arm away in a flailing motion, which caused the sergeant to take action to physically restrain Bethea. The two began to wrestle and Bethea resisted the sergeants efforts to cuff his hands by flailing his arms, twisting and kicking out while taunting the officer by yelling out "you can't take me, sucker... I'm beating you." Bethea was eventually brought to the ground with the help of the other two officers and then handcuffed after a tussle on the ground. A large crowd had surrounded the officers by this time and they appeared to be hostile at the police's presence. A 10-13 radio call was placed, which caused many other officers to arrive at the scene within minutes. The arriving officers engaged in crowd control while the five-member anti-crime unit acted to take plaintiff Bethea to the precinct as quickly as possible. Bethea, however, made matters difficult by yelling out "police brutality" and attempting to run away after being handcuffed, which further incited the crowd. It was during this time that plaintiff Reyes became involved in the melee. Reyes was refusing to leave the area and was part of an unruly group taunting the officers. An officer (PO Figuerora) yelled at her to step back, and when she refused he pushed her back with his hand. Though officer Figuerora admits to pushing Reyes, he is adamant that she did not fall backwards as a result. A male, later identified as Reyes son, Patrico Diaz, then punched the officer in the face, which caused another incident as he too had to be arrested amidst the hostile crowd.[2]

Plaintiff Bethea and Patricia Diaz were eventually taken to the 83rd precinct following their arrests. An ambulance was called for plaintiff but he refused any treatment. Bethea produced identification showing that he lived at that apartment complex. He was issued a DAT for OGA, Disorderly Conduct and Resisting Arrest and then released.[3]

| | | |
|---|---|---|
| NON-PARTY WITNESSES: | Yes:✓ | No:☐ Unknown: ☐ |
| Corroborates Plaintiff's version: | Yes:✓ | No:☐ Unknown: ☐ |
| Corroborates Defendant's version: | Yes:☐ | No:☐ Unknown: ☐ |
| Explanation, if necessary: | There are several witnesses from the neighborhood that corroborated plaintiffs version (per CCRB). | |

---

[1] Sgt. Van Dyke was informed earlier that day by the Community Affairs officer to be on the look-out for unruly young males going to this public housing project and smoking marijuana in the lobby and creating quality of life issues for its residents.

[2] Patricio Diaz's criminal case is still pending. He will likely file a lawsuit when it is resolved.

[3] The AO was initially going to put Bethea through the system, but he told by the precinct co to just issue him a DAT because of pressure from an unidentified community leader/activist.

| | | |
|---|---|---|
| PHYSICAL INJURIES CLAIMED: | Yes ✓ | No:☐ |
| PSYCHOLOGICAL INJURIES CLAIMED: | Yes:✓ | No:☐ |

Description: Garden variety. No psych. treatment.

| | |
|---|---|
| Supported by Medical Records: | Yes: ✓ (Reyes-Physical Inj. only)    No:☐ |
| OTHER DAMAGES CLAIMED: | No. |
| PLAINTIFFS" CRIMINAL HISTORY: | Recent marijuana possession arrest (Bethea). |

OTHER POTENTIALLY ADMISSIBLE BAD ACTS HISTORY OF PLAINTIFF: NA

SUBSTANTIATED CCRB IN THIS CASE:    Yes:☐    No:☐ (investigation not yet completed)

OFFICERS' POTENTIALLY ADMISSIBLE DISCIPLINARY HISTORY: No

| | | |
|---|---|---|
| MONELL CLAIM: | Yes:✓ | No:☐ Unknown: ☐ |
| Bifurcated | Yes:☐ | No:☐ Unknown: ✓ |
| PENDENT STATE LAW CLAIMS: | Yes:☐ | No:☐ |
| Notice of Claim      Yes:☐ No:✓ | Timely | Yes: ☐    No:☐ |

NUMBER OF DEPOSITIONS TAKEN: None

NUMBER OF DEPOSITIONS ANTICIPATED: 7+

NUMBER OF DEFENDANTS' ANTICIPATED EXPERTS: NA

RECOMMENDATION:

    Plaintiffs Bethea and Reyes have made demands of $75k and $50k respectively. Bethea was detained for a total of five hours. Though Bethea did not seek medical treatment for his injuries, there are color photographs showing a cut on his forehead a swollen lower lip, and two bumps on his forehead. The bump and cut on his forehead is consistent with his claim that he was slammed against the police vehicle. There are several witness accounts in the CCRB alleging that officers used excessive force on Bethea, particularly after the time he was handcuffed. There was no probable cause to stop Bethea other than to question him about his residency at the NYCHA building. This raises legal questions as to the propriety of using force under these circumstances. I request Rule 68 authority of $15k and universal authority of $25k for this plaintiff.

    As for plaintiff Reyes, independent witnesses interviewed by the CCRB state that PO Figuerora did not give plaintiff Reyes the opportunity to leave and that he took out a baton and holding both ends of it, pushed Reyes across her chest causing her to fall backwards. This would

-4-

explain why her son Patricio Diaz interceded on her behalf with such force. Medical records indicate abrasions and bruising to Reyes's body; a right knee sprain and a "possible fracture [of the] 9th rib." These injuries are consistent with the claims she is making against PO Figuerora. In view of this plaintiff's age and the fact that she was lawfully at the court yard with her grandchildren, I request Rule 68 authority of $12.5k and universal authority of $20k for this plaintiff.

## ** Transmit Confirmation Report **

P.1                                                                                   Jul 31 2009 01:39pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 912126698814 | Normal | 31,01:37pm | 1'39" | 4 | * O K | |

**Privileged and Confidential**

**NOT ESI**

**SPECIAL FEDERAL LITIGATION DIVISION**
**CASE SETTLEMENT ABSTRACT**

Approved By: _____
Muriel Goode-Trufant, Chief, Special Federal Litigation Division

TO: Bernard Londin, Esq.
    Office of the Comptroller

FROM: Steve Stavridis
      Assistant Corporation Counsel

DATE: JULY 28, 2009

NAME OF THE CASE: *Darry Bethea & Claridsa Reyes v. City, et al.*, 09-CV-612(FB)(SMG)

NYCLIS #: 2009005825(Bethea) & 2009006724(Reyes)

COMPTROLLER'S CASE NUMBER: NA

ACC ASSIGNED: Steve Stavridis

TELEPHONE NUMBER: (212) 788-8698

PLAINTIFF'S ATTORNEY: Richard Cardinale, Esq.

CO-DEFENDANT'S ATTORNEY: N/A

COURT, JUDGE AND MAGISTRATE: EDNY, MJ Gold

PRESENT STATUS: Pre-depositions

### PLAINTIFF'S VERSION

#### Claim of Plaintiff Darry Bethea

Plaintiff Bethea (age 21) resides with his mother in the Hope Gardens Apartments, a NYC public housing project located at 105 Palmetto Street, Brooklyn, New York. On April 9, 2008 at about 5:30 pm, Bethea was in his apartment with two of his friends when his mother asked him to go to the store to buy milk. Bethea and his two friends then left the apartment to go to the store. While walking through the court yard of his building on the way to the store, Bethea

-1-

*[Handwritten notes in margins:]*
*Top left:* "per (conversation) OK for 35,000 for Bethea and stay at 25,000 for Reyes mgt 9/23/09"
*Top right:* "let's discuss"
*Right side:* "I think this is too high. mgt 9/23/09"
*Right middle:* "Bernie on togo to $50K 11/6/09 4pm by cellphone"
*Bottom right:* "Need response by this Thursday if possible"

**Privileged and Confidential**

<u>NOT ESI</u>

SPECIAL FEDERAL LITIGATION DIVISION
AMENDED SETTLEMENT ABSTRACT

Approved By: *[signature]* 9/23/09
_____
Muriel Goode-Trufant, Chief, Special Federal Litigation Division

TO:   Bernard Londin, Esq.
      Office of the Comptroller

FROM: Steve Stavridis *[signature]*
      Assistant Corporation Counsel

DATE: ~~JULY 28, 2009~~ 7/23/09

NAME OF THE CASE:         *Darry Bethea & Claridsa Reyes v. City, et al.*, 09-CV-612(FB)(SMG)

NYCLIS #:                 2009005825(Bethea) & 2009006724(Reyes)

COMPTROLLER'S CASE NUMBER: NA

ACC ASSIGNED:             Steve Stavridis

TELEPHONE NUMBER:         (212) 788-8698

PLAINTIFF'S ATTORNEY:     Richard Cardinale, Esq.

CO-DEFENDANT'S ATTORNEY:  N/A

COURT, JUDGE AND MAGISTRATE: EDNY, MJ Gold

PRESENT STATUS:           Pre-depositions

RECOMMENDATION

In my previous abstract dated July 28, 2009 (see attached), I was given $25,000 in settlement authority for each of the two plaintiffs ($17,500 per plaintiff Rule 68). A lengthy settlement conference was held before Magistrate Judge Gold on September 6, 2009. Judge Gold recommended $50,000 for plaintiff Darry Bethea; and $30,000 for plaintiff Reyes, if the medical records show a fractured rib ($20,000 if not).

With respect to plaintiff Bethea, Judge Gold placed great emphasis on the fact that plaintiff has come forward with many witnesses who corroborated his account that police

-1-

officers used excessive force in arresting him. In a private discussion I had with him, he expressed doubt that we could overcome the weight of this evidence and suggested that it is not worth the time and expense litigating this case based on the amount of witnesses we would need to depose to properly defend this case. The judge also opined that based on all the information he heard, the officers did not act properly in the amount of force they used to stop plaintiff just to ascertain whether he was a resident of the NYCHA. Plaintiff Bethea is in fact a resident at NYCHA apartment building where he was arrested.

Plaintiff Bethea has agreed to settle for the amount recommended by Judge Gold whilst plaintiff Reyes will not settle for less than $35,000. I recommend that we settle the Bethea case for the amount recommended by Judge Gold and proceed to defend against the Reyes claim Defending the Reyes claim will not be as difficult or time consuming as there is only one officer involved in that case and fewer eye witnesses. Plaintiff Reyes was also never arrested, and her claim that the police officer defendant beat her to the ground because she would not leave the area is incredulous.

**Privileged and Confidential**

**NOT ESI**

**SPECIAL FEDERAL LITIGATION DIVISION**
**AMENDED SETTLEMENT ABSTRACT**

Approved By: _____
Muriel Goode-Trufant, Chief, Special Federal Litigation Division

TO:      Bernard Londin, Esq.
           Office of the Comptroller

FROM:  Steve Stavridis
           Assistant Corporation Counsel

DATE:   JULY 28, 2009

| | |
|---|---|
| NAME OF THE CASE: | *Darry Bethea & Claridsa Reyes v. City, et al.*, 09-CV-612(FB)(SMG) |
| NYCLIS #: | 2009005825(Bethea) & 2009006724(Reyes) |
| COMPTROLLER'S CASE NUMBER: | NA |
| ACC ASSIGNED: | Steve Stavridis |
| TELEPHONE NUMBER: | (212) 788-8698 |
| PLAINTIFF'S ATTORNEY: | Richard Cardinale, Esq. |
| CO-DEFENDANT'S ATTORNEY: | N/A |
| COURT, JUDGE AND MAGISTRATE: | EDNY, MJ Gold |
| PRESENT STATUS: | Pre-depositions |

RECOMMENDATION

In my previous abstract dated July 28, 2009 (see attached), I was given $25,000 in settlement authority for each of the two plaintiffs ($17,500 per plaintiff Rule 68). A lengthy settlement conference was held before Magistrate Judge Gold on September 6, 2009. Judge Gold recommended $50,000 for plaintiff Darry Bethea; and $30,000 for plaintiff Reyes, if the medical records show a fractured rib ($20,000 if not).

With respect to plaintiff Bethea, Judge Gold placed great emphasis on the fact that plaintiff has come forward with many witnesses who corroborated his account that police

officers used excessive force in arresting him. In a private discussion I had with him, he expressed doubt that we could overcome the weight of this evidence and suggested that it is not worth the time and expense litigating this case based on the amount of witnesses we would need to depose to properly defend this case. The judge also opined that based on all the information he heard, the officers did not act properly in the amount of force they used to stop plaintiff just to ascertain whether he was a resident of the NYCHA. Plaintiff Bethea is in fact a resident at NYCHA apartment building where he was arrested.

Plaintiff Bethea has agreed to settle for the amount recommended by Judge Gold whilst plaintiff Reyes will not settle for less than $35,000. I recommend that we settle the Bethea case for the amount recommended by Judge Gold and proceed to defend against the Reyes claim Defending the Reyes claim will not be as difficult or time consuming as there is only one officer involved in that case and fewer eye witnesses. Plaintiff Reyes was also never arrested, and her claim that the police officer defendant beat her to the ground because she would not leave the area is incredulous.